Juanita BUCHANAN, Plaintiff–Appellant,

v.

Penny SHERRILL, individually and as owner of Autex Foods, Inc., a Tennessee Corporation, doing business as Shoney's Restaurant; Shoney's, Inc., a Tennessee Corporation and the franchisor of Autex Foods, Inc., a Tennessee Corporation; Mike Gorham, individually and as a manager of Autex Foods, Inc.; Ed Fisher, individually and as a manager of Autex Foods, Inc.; Trey Gillette, individually and as a manager of Autex Foods, Inc.; Steve Creed, individually and as a former president of Autex Foods, Inc., a Tennessee Corporation, Defendants,

Autex Foods, Inc., a Tennessee corporation, doing business as Shoney's Restaurant, Defendant–Appellee.

No. 94–5093.

United States Court of Appeals, Tenth Circuit.

March 31, 1995.

Robert L. Briggs, David D. Smith of Briggs and Smith, Tulsa, OK, for plaintiff-appellant.

Reuben Davis, Frederic N. Schneider, III, Shane M. Egan, of Boone, Smith, Davis, Hurst & Dickman, Tulsa, OK, for defendant-appellee.

Before KELLY and SETH, Circuit Judges, and KANE,* Senior District Judge.

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to

PER CURIAM.

Plaintiff Juanita Buchanan appeals from the grant of summary judgment in favor of defendant Autex Foods, Inc. on her six claims related to alleged sexual harassment and constructive discharge from her job at Shoney's Restaurant. We have jurisdiction under 28 U.S.C. § 1291.

Plaintiff raises four issues on appeal: (1) the district court abused its discretion in denying an enlargement of time in which to respond to defendant's motion for summary judgment; (2) the district court applied the wrong standard of review to the motion for summary judgment; (3) the district court erred in holding that constructive discharge is not a recognized cause of action in Oklahoma; and (4) the district court abused its discretion in denying plaintiff post-judgment relief.[1]

We review the denial of a motion for extension of time made under Fed.R.Civ.P. 6(b)(1) for abuse of discretion. *See Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 895–96 & n. 5, 110 S.Ct. 3177, 3192–93 & n. 5, 111 L.Ed.2d 695 (1990). Plaintiff first argues that defendant did not comply with Fed.R.Civ.P. 5, in that it served the motion for summary judgment only on plaintiff's attorney Rabon Martin, who had only recently entered his appearance, and not on Jefferson Briggs, who had represented plaintiff from the outset. Plaintiff argues that Rule 5 required service on both of her attorneys of record. This argument is without merit because Rule 5 requires service on all parties, not on all attorneys. *Daniel Int'l Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1063 (5th Cir.1990). Plaintiff also contends the motion for summary judgment should have been struck because it contains no concise statement of undisputed facts as required by Rule 15(B) of the Local Rules of the United States District Court for the Northern District of Oklahoma. We agree with the district judge, however, that the motion contains a concise statement of facts, even though

grant the parties' request for a decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

they are not numbered as required by Local Rule 15. Therefore, we conclude the district court did not abuse its discretion in denying plaintiff's motion for an extension of time.

■ We review the grant of summary judgment de novo to determine whether there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The evidence must be viewed in the light most favorable to the nonmoving party, *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 977 (10th Cir.1995), even when it is produced by the moving party, *see Henderson v. Inter–Chem Coal Co.*, 41 F.3d 567, 569–70 (10th Cir.1994).

Plaintiff began working for Shoney's in October 1989. In June 1990, plaintiff fell at work, injuring herself. She took a leave of absence from September 1990 until May 15, 1991, and filed a worker's compensation claim for her injuries. After her return to work, plaintiff complained of sexual harassment in the workplace and that defendant was treating her badly due to her worker's compensation claim. In addition, a black cook complained that plaintiff uttered a racial slur toward him. Based on these complaints, defendant arranged to transfer plaintiff to another restaurant. She did not report to work at the transfer location but, instead, resigned on August 4, 1991.

Plaintiff contends that defendant created a sexually hostile work environment after she filed her worker's compensation claim, in order to cause her to quit her job. She asserted six claims—two under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17, for sexual harassment/hostile work environment and gender-based discrimination; a claim for constructive retaliatory discharge under Okla.Stat. tit. 85, § 5; a claim for wrongful termination of employment in violation of public policy, as recognized in *Burk v. K-Mart Corp.*, 770 P.2d 24, 28 (Okla.1989); a claim for breach of an employment contract based on a claim for vacation pay; and a claim for intentional infliction of emotional distress.

■ Based upon our review of the record, we conclude that the district court did not apply the wrong standard of review to defendant's motion for summary judgment. Plaintiff's Title VII claims fail because, regardless of the evidence of sexual harassment or gender-based discrimination, it is undisputed that defendant had arranged to transfer plaintiff to another restaurant—thus ending the alleged harassment or discrimination—but she quit her job anyway. Appellant's App. at 65–66; *cf. Saxton v. AT & T*, 10 F.3d 526, 535 (7th Cir.1993) (holding transfer of alleged perpetrator was timely remedial effort "reasonably likely to prevent the [harassment] underlying [plaintiff's] complaint from recurring"). There was no evidence properly before the district court from which to infer that the harassment would have continued at plaintiff's new place of employment. *Id.*

■ Plaintiff's state-law claim of constructive retaliatory discharge fails for the same reason. Constructive discharge is now a recognized cause of action in Oklahoma, at least when the plaintiff's employment has terminated. *Wilson v. Hess–Sweitzer & Brant, Inc.*, 864 P.2d 1279, 1284 (Okla.1993) (discussing Okla.Stat. tit. 85, § 5). As a result, the district court's holding to the contrary cannot stand. In addition, to the extent *Hooks v. Diamond Crystal Specialty Foods, Inc.*, 997 F.2d 793, 803 (10th Cir.1993), upon which the district court relied, also holds otherwise, it is no longer operative.

■ Nevertheless, under Oklahoma law, a "[c]onstructive discharge occurs when an employer deliberately makes or allows the employee's working conditions to become so intolerable that the employee has no choice but to quit." *Hess–Sweitzer & Brant*, 864 P.2d at 1283. "The test is whether a reasonable person would view the working conditions as intolerable and would feel compelled to resign." *Id.* The undisputed evidence shows that plaintiff refused a transfer out of the objectionable workplace. Therefore, no reasonable person could find that plaintiff "ha[d] no choice but to quit." *Id.*

■ Plaintiff's claim for termination of employment "contrary to a clear mandate of

public policy as articulated by constitutional, statutory, or decisional law," *Burk,* 770 P.2d at 28, also cannot survive defendant's motion for summary judgment. This claim is premised on alleged sexual harassment and fails, like the claims discussed above, because the undisputed evidence shows that defendant acted promptly to remedy the alleged harassment by arranging to transfer plaintiff to another restaurant, but she refused the transfer and quit.

Plaintiff's claim for breach of an employment contract based on her claim for vacation pay fails as well. It is undisputed that plaintiff did not work, continuously, long enough to qualify for vacation pay. *See* Appellant's App. at 66, 171–72.

Plaintiff's claim for intentional infliction of emotional distress fails because the evidence is insufficient for "a reasonable person [to] find [that defendant's] conduct [was] so offensive 'as to go beyond all possible bounds of decency, and to be regarded as [atrocious], and utterly intolerable in a civilized community.'" *Beck v. Phillips Colleges, Inc.,* 883 P.2d 1283, 1286 (Okla.Ct.App.1994)(quoting *Breeden v. League Servs. Corp.,* 575 P.2d 1374, 1378 (Okla.1978)). In addition, there is no evidence from which a jury could find that plaintiff suffered severe emotional distress because of defendant's conduct. *Breeden,* 575 P.2d at 1377–78.

Finally, we review the denial of plaintiff's motion for post-judgment relief under Fed.R.Civ.P. 59 and 60 for abuse of discretion. *Webber v. Mefford,* 43 F.3d 1340, 1345 (10th Cir.1994) (Rule 59(e)); *White v. American Airlines, Inc.,* 915 F.2d 1414, 1425 (10th Cir.1990) (Rule 60(b)). To the extent plaintiff challenges the correctness of the judgment pursuant to Rule 59(e),[2] she made no argument in her motion that we have not already decided against her above. Therefore, the district court did not abuse its discretion in denying relief on those bases.

Insofar as plaintiff requests relief from the lack of diligence of her counsel under Rule 60(b), in these circumstances, we find no abuse of discretion in the district court's denial of post-judgment relief.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

---

2. No matter how styled, we construe a post-judgment motion served within ten days of the entry of judgment and challenging the correctness of the judgment as a motion under Rule 59(e). *Campbell v. Bartlett,* 975 F.2d 1569, 1580 n. 15 (10th Cir.1992). Because the motion was served within ten days after the entry of judgment, it tolled the time for filing the notice of appeal whether the grounds for relief fall under Rule 59(e) or 60(b). *See* Fed.R.App.P. 4(a)(4)(E) & (F); Fed.R.Civ.P. 59(e).